# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

IN RE: )
 )
WILLIAM FREDRICK VOIGTS, JR., ) Case No. 22-40705
 ) Chapter 12
                Debtor. )

## RESPONSE AND OBJECTION OF BALDWIN STATE BANK TO DEBTOR'S MOTION FOR USE OF CASH COLLATERAL (DOC. #15)

**COMES NOW** Baldwin State Bank ("BSB"), by and through its attorneys, Woner, Reeder & Girard, P.A., and for its Response and Objection to the Debtor's Motion for (a) Order Authorizing Interim Use of Cash Collateral; (b) Granting Security Interests and Priority Claims; (c) Granting Related Relief; and (d) Scheduling a Final Hearing on the Motion Pursuant to Bankruptcy Rule 4001(c) ("Debtor's Motion") (Doc. #15), alleges and states:

    1. BSB is in the process of filing a Proof of Claim herein. The debtor's indebtedness to BSB as of the Bankruptcy Petition Date, 11/28/2022, was $1,259,544.84, with interest continuing to accrue thereafter.

    2. The debtor's indebtedness to BSB is secured by BSB's properly perfected security interests in all of the debtor's inventory, accounts and other rights to payment, general intangibles, equipment and machinery, farm products, government payments and programs, parts, accessories, repairs, improvements, additions, substitutions, replacements, accessories, attachments, and accessions; and all proceeds and products thereof; and the debtor's real estate mortgages dated 2/11/2011 and recorded 2/11/2011, dated 6/20/2018 and recorded 6/21/2018, and dated 4/21/2016 and recorded 4/26/2016, all encumbering the following-described real property:

In the United States Bankruptcy Court for the District of Kansas
In Re: William Fredrick Voigts, Jr.
Bankruptcy Case No. 22-40705
*Response and Objection of Baldwin State Bank to Debtor's Motion for Use of Cash Collateral (Doc. #15)*
Page 2 of 7

South One-Half (S ½) of the Northwest Quarter (NW ¼) of Section 5, Township 15 South, Range 21 East of the 6th P.M., Douglas County, KS

3. BSB requests that the Court prohibit or condition the debtor's use of cash collateral, unless BSB is provided appropriate adequate protection of its interests in accord with 11 U.S.C. 363(e) and 1205(b). Adequate protection of BSB's interests should include at least the following:

(a) Debtor should immediately provide information and written documentation of all of the cash collateral that he has already used, to date, in the form of statement made under oath.

(b) Debtor admits and does not dispute the amount of his indebtedness to BSB or the collateral of BSB which secures payment of that indebtedness, as set forth in BSB's filed Proof of Claim.

(c) Debtor agrees not to seek in this case any further use of cash collateral in which BSB has an interest, unless and until the same may be authorized as part of a confirmed Chapter 12 Plan herein.

(d) BSB retains its properly perfected security interests and its properly recorded mortgages in the BSB collateral, including all post-petition proceeds and products.

(e) The terms and conditions, except as to debt repayment terms, of all loan documents executed by the debtor in favor of BSB shall continue in force and effect, unless conflicting with the provisions of a Cash Collateral Order entered herein or unless such terms and conditions are modified pursuant to the express written agreement of BSB and the debtor; and except as expressly stated herein, the debtor shall continue to perform the terms and conditions of the loan documents on a timely basis.

In the United States Bankruptcy Court for the District of Kansas
In Re: William Fredrick Voigts, Jr.
**Bankruptcy Case No. 22-40705**
*Response and Objection of Baldwin State Bank to Debtor's Motion for Use of Cash Collateral (Doc. #15)*
Page 3 of 7

(f) The debtor grants to BSB a real estate mortgage in the amount of $160,000.00 principal plus interest from and after December 13, 2022 at 7% fixed for three (3) years at which time and thereafter the interest rate shall adjust every year on December 13, tied to the prime rate plus 2 points, encumbering the South One-Half (S ½) of the Northwest Quarter (NW ¼) of Section 5, Township 15 South, Range 21 East of the 6th P.M., Douglas County, KS. This mortgage lien amount shall be paid to BSB over no more than the next five years. The debtor is ordered and directed to, and shall, execute said mortgage in favor of BSB, and BSB may record it, and said mortgage shall be deemed to be executed, filed and/or recorded at the time on the date of entry of this order.

(g) BSB is granted a super priority administrative expense claim in the amount of $160,000.00, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the debtor under Section 507(a) of the Bankruptcy Code, whether in this proceeding or any superseding proceeding.

(h) Debtor agrees to, and is ordered and directed to, actively seek to obtain contract(s) for his sale of all of BSB's collateral, for no less than the amount of indebtedness owing by the debtor to BSB or the value of BSB's collateral, said contracts to be in writing and obtained within an agreed period of time immediately following entry of this order. In the event the debtor has not timely within said time period obtained contract(s) to sell said property, provided copies to BSB, and filed motions pursuant to 11 U.S.C. 363, he will immediately cause to be listed for auction sale (for cash) such property, with the auction to be held at the first available time as may be reasonably scheduled or as otherwise agreed by BSB, and debtor shall take such action as required by the Bankruptcy Code and the Court to obtain authorization

In the United States Bankruptcy Court for the District of Kansas
In Re: William Fredrick Voigts, Jr.
Bankruptcy Case No. 22-40705
*Response and Objection of Baldwin State Bank to Debtor's Motion for Use of Cash Collateral (Doc. #15)*
Page 4 of 7

for the sale(s) of such property and the payment of sale costs pursuant to 11 U.S.C. 363. BSB shall have the right to set floor price(s). All net sale proceeds shall be paid to BSB, to be credited upon debtor's indebtedness. There shall be no Trustee's fee on this partial liquidation sale.

(i) Debtor shall maintain reasonable and adequate insurance on BSB's collateral, naming BSB as additional insured and loss payee thereon, and debtor shall immediately and continually provide current proof of insurance to BSB.

(j) Debtor shall at all times maintain and preserve BSB's collateral. Debtor shall pay 2022 real estate taxes on BSB's collateral during the ordinary course, post-petition. Delinquent real estate taxes on BSB's collateral shall be paid out of the sale proceeds of the real estate when it is sold.

(k) BSB shall be entitled to inspect its collateral at least semi-annually and also upon BSB's request, on a reasonable basis, and on reasonable notice of no less than three days, with notice by direct contact to the debtor, who shall cooperate. BSB shall also be entitled to have its collateral valued and appraised, and to make the arrangements for the same by direct contact with the debtor, who shall cooperate. Debtor shall advise BSB within 10 days from the date of entry of this order what collateral items have been sold, disposed of, and/or added to BSB's Equipment Inspection List.

(l) Debtor shall not use, sell, lease or encumber, out of the ordinary course of business, any of the BSB collateral. BSB has not consented to use, sale, lease or encumbrance of the BSB collateral out of the ordinary course of business.

In the United States Bankruptcy Court for the District of Kansas
**In Re: William Fredrick Voigts, Jr.**
**Bankruptcy Case No. 22-40705**
*Response and Objection of Baldwin State Bank to Debtor's Motion for Use of Cash Collateral (Doc. #15)*
Page 5 of 7

(m) The debtor shall deposit all amounts received as proceeds, rents, or profits from BSB's collateral into a separate, segregated bank account at BSB (the "Cash Collateral Account"), in accord with 11 U.S.C. 363(c)(4), so that debtor can properly account for the use of cash collateral to BSB in compliance with the terms hereof and as part of his regular monthly operating reports. At all times, BSB shall have and hold a continuing and perfected security interest in the funds in the Cash Collateral Account.

(n) There shall not be entered in this Chapter 12 case or any successor case any order that authorizes the obtaining of credit or incurrence of indebtedness by debtor (or any Trustee or Examiner) that is secured by a security, mortgage or collateral interest or lien on all or any part of BSB's collateral that is senior to BSB's pre-petition liens and the liens granted hereunder; provided, however, that nothing herein shall prevent the entry of an order that specifically provides that, as a condition to the granting of the benefits conferred hereunder, all of the debtor's obligations must be indefeasibly paid in full, in cash, from the proceeds of such credit or indebtedness.

(o) If this Chapter 12 case is dismissed, converted or substantively consolidated, then neither the entry of this order nor the dismissal, conversion or substantive consolidation of this Chapter 12 case shall affect the rights of BSB under this order, and all of the respective rights and remedies hereunder of BSB shall remain in full force and effect as if this Chapter 12 case had not been dismissed, converted, or substantively consolidated. If an order dismissing the Chapter 12 case is at any time entered, such order shall provide (in accord with Sections 105 and 349 of the Bankruptcy Code) that (i) the pre-petition liens of BSB and the liens granted to and conferred upon BSB herein shall continue in full force and effect and shall maintain their

In the United States Bankruptcy Court for the District of Kansas
**In Re: William Fredrick Voigts, Jr.**
**Bankruptcy Case No. 22-40705**
*Response and Objection of Baldwin State Bank to Debtor's Motion for Use of Cash Collateral (Doc. #15)*
Page 6 of 7

first priority as provided in this order until all debtor's obligations to BSB shall have been paid and satisfied in full (and that such post-petition liens shall, notwithstanding such dismissal, remain binding on all interested parties) and (ii) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purpose of enforcing the liens referred to herein.

(p) The debtor shall take all actions reasonably requested by BSB to grant and perfect the foregoing and shall execute any documents or instruments as BSB shall reasonably request, in support of the foregoing.

(q) The debtor shall report and account to BSB as to the Kubota security interests and Kubota transaction which resulted in a UCC release on 11/15/22.

(r) The debtor shall answer BSB's questions, within 10 days after the entry of this order, with respect to the draft Plan provided by debtor to BSB on 11/28/22.

(s) The proposed payment(s) from cash collateral totaling $14,245.00 to other creditors should not be allowed, as the proposed payments improperly pay other creditors pre-plan when such payments are not directly for farm operating expenses. The debtor has requested the use of cash collateral for "day-to-day farming operations,…payment of harvest expenses, cash rent to landlords, fuel, maintenance and repairs, the purchase of supplies and the payment of various other overhead expenses."

4. BSB reserves all rights to amend or supplement this Objection.

5. Approval by BSB of a Cash Collateral Order including the above adequate protection provisions shall not constitute BSB's factual stipulation or agreement to the Debtor's Motion and/or to the Cash Collateral Order, but shall be approved as to the form of the Order only.

00535491.DOC

In the United States Bankruptcy Court for the District of Kansas
In Re: William Fredrick Voigts, Jr.
Bankruptcy Case No. 22-40705
*Response and Objection of Baldwin State Bank to Debtor's Motion for Use of Cash Collateral (Doc. #15)*
Page 7 of 7

**WHEREFORE,** BSB prays the Court for an Order denying the Debtor's Motion unless and until appropriate adequate protection as set forth herein and agreed by the parties is provided to BSB; for its costs; and for such other and further relief as is just and equitable.

Respectfully submitted,

**s/ Patricia A. Reeder**
Patricia A. Reeder, #10341
WONER, REEDER & GIRARD, P.A.
P.O. Box 67689
Topeka, Kansas 66667-0689
(785) 235-5330
(785) 235-1615 Fax
reeder@wrglaw.com
Attorneys for Baldwin State Bank

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2021, I electronically filed the above and foregoing Response and Objection of Baldwin State Bank to Debtor's Motion for Use of Cash Collateral (Doc. #15) using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system.

**s/ Patricia A. Reeder**
Patricia A. Reeder, #10341